IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

v.

Case No.: 26-cr- 23-jdp

ALFREDO GARCIA-MARIN,

Defendant.

---

## PLEA AGREEMENT

---

1.      This is the proposed plea agreement between the defendant and the United States in the above-captioned case.

2.      **PLEA AND PENALTIES:** The defendant agrees to waive indictment and plead guilty to the one-count information filed by the United States Attorney's Office. This count charges a violation of Title 8, United States Code, Section 1326, which carries maximum penalties of two years in prison, a $250,000 fine, a one-year period of supervised release, and a $100 special assessment. If the provisions of 8 U.S.C. § 1326(b)(1), (3), or (4) apply, the maximum penalties are ten years in prison, a $250,000 fine, a three-year period of supervised release, and a $100 special assessment. If the provisions of 8 U.S.C. § 1326(b)(2) apply, the maximum penalties are 20 years in prison, a $250,000 fine, a three-year period of supervised release, and a $100 special assessment. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional imprisonment term pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing and understands that the Court will enter an order requiring the immediate special assessment payment under 18 U.S.C. § 3013. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment.

3.      **RIGHTS WAIVED BY PLEADING GUILTY:** The defendant acknowledges by pleading guilty, that he is giving up these rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and if necessary to have the Court appoint counsel – at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

4.    **IMMIGRATION CONSEQUENCES:** The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United States, denied citizenship, and denied future admission to the United States. In addition, if the defendant is a naturalized United States citizen, under certain circumstances, denaturalization of United States citizenship may also be a consequence of pleading guilty to a crime. Removal, other immigration consequences, and denaturalization are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status, or, where applicable, United States naturalized citizenship. The defendant nevertheless affirms that he wants to plead guilty regardless of any removal, other immigration consequences, or denaturalization that could result from his plea, even if the consequence is automatic removal from the United States.

5.    **FACTUAL BASIS:** The defendant agrees that the following facts are true, correct, and that, if this case were to proceed to trial, the government would be able to prove these facts beyond a reasonable doubt. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described herein.

On or about July 19, 2013, the U.S. Border Patrol (USBP) arrested GARCIA-MARIN at or near Campo, California after he illegally entered the United States from Mexico. At the time of his arrest by the USBP, GARCIA-MARIN stated he was a citizen and national of Mexico. On July 19, 2013, GARCIA-MARIN was ordered removed from the United States to Mexico by a Designated Official. On July 20, 2013, GARCIA-MARIN was removed from the United States to Mexico via San Luis, Arizona.

On or about August 16, 2017, U.S. Immigration and Customs Enforcement (ICE) arrested GARCIA-MARIN at his residence in Mosinee, Wisconsin. On September 13, 2017, GARCIA-MARIN was removed from the United States to Mexico via a flight from Alexandria, Louisiana.

On November 15, 2025, GARCIA-MARIN was arrested by the Neillsville Police Department and booked into the Clark County Jail in Neillsville, Wisconsin under one of his many aliases, Juan Marin-Victoria. He was charged in Case No. 25CM176 with Misdemeanor Bail Jumping and Operating While Revoked (Revoked due to alcohol/controlled substance/refusal) in Clark County.

GARCIA-MARIN has never applied for permission from the Attorney General or Secretary of the Department of Homeland Security to re-enter the United States after having been previously removed.

Neillsville is in the Western District of Wisconsin.

2

This information is provided to establish a factual basis for the defendant's guilty plea. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

6. **SCOPE OF RESOLUTION:** The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that two conditions are met: (a) the criminal conduct relates to the conduct described in the information; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

7. **ACCEPTANCE OF RESPONSIBILITY:** The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, gives the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct that is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing, which is inconsistent with acceptance of responsibility. This recommendation is consistent with the defendant signing this plea agreement on or before February 13, 2026.

8. **SENTENCING DISCUSSIONS:** Other than agreements specifically set forth in this plea agreement, the defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States, other than those memorialized in this plea agreement.

9. **SENTENCING RECOMMENDATIONS:** The United States agrees to recommend that the defendant receive a sentence on the low-end of the advisory sentencing guideline range. The defendant acknowledges his understanding that other than that recommendation, the United States has made no promises or guarantees regarding the sentence that will be imposed. The defendant also acknowledges his understanding that the Court may not accept the recommendations, which may be made by the United States, and that the Court can impose any sentence up to and including the maximum penalties set out above.

3

10.     **VOLUNTARINESS OF PLEA:** The defendant acknowledges that no threats, promises, representations, or agreements exist, other than those set forth in this agreement, to cause the defendant to plead guilty.  Defendant acknowledges that he has read this agreement, has carefully reviewed it with his attorney and understands and voluntarily accepts all its terms.

11.     **THIS IS THE ONLY PLEA AGREEMENT:** By our signatures below, the defendant and defense counsel acknowledge that this is the only plea agreement in this case.

CHADWICK M. ELGERSMA
United States Attorney

February 17, 2026

By: _____

Date

COREY STEPHAN
Assistant United States Attorney

2/17/2026

Date

MATTHEW GIESFELDT
Attorney for the Defendant

2/17/2026

Date

ALFREDO GARCIA-MARIN
Defendant

4

## ACKNOWLEDGEMENTS

I, ALFREDO GARCIA-MARIN, am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed the entire agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, including the charges against me, the elements of those charges, and possible defenses. I am satisfied that my attorney has provided effective assistance of counsel.

_____        X_____
Date                           ALFREDO GARCIA-MARIN
                               Defendant


I am the defendant's attorney. I have reviewed this agreement carefully with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____        _____
Date                           MATTHEW GIESFELDT
                               Attorney for Defendant

5